FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELEAZAR OLIVAS-MENDOZA,

Defendant - Appellant.

No. 14-2116
(D.C. No. 2:12-CR-02619-RB-4)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Eleazar Olivas-Mendoza entered into a guilty plea to four criminal offenses related to the possession and distribution of methamphetamine. Mr. Olivas-Mendoza's plea agreement contained a broad waiver of his appellate rights. The district court imposed a sentence of 108 months, the low end of the guideline sentencing range. Despite his waiver, Mr. Olivas-Mendoza has filed an appeal seeking to challenge the effectiveness of his lawyer. The government has moved to

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enforce the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In response to the government's motion to enforce, Mr. Olivas-Mendoza concedes, through appeal counsel (different from trial counsel), that his "proposed claim of error on appeal – ineffective assistance of counsel – falls within the scope of the broad waiver of appellate rights in his plea agreement," Resp. at 1, he knowingly and voluntarily waived his appellate rights, and enforcing the waiver would not result in the miscarriage of justice.

He correctly points out, however, that his waiver was not without limits. He only agreed "to waive any collateral attack to this conviction and the sentence imposed, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, *except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.*" Plea Agt. at 9 (emphasis added). Claims of ineffective assistance of counsel are generally not considered on direct appeal, rather upon a petition for collateral relief.

Upon review of the record and Mr. Olivas-Mendoza's response, we conclude: the appeal falls within the scope of the waiver, that Mr. Olivas-Mendoza knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice.

We grant the motion to enforce the appeal waiver, without prejudice to Mr. Olivas-Mendoza's right to file for relief under 28 U.S.C. § 2255 asserting

ineffective assistance of counsel in negotiating or entering the plea waiver.  This appeal is dismissed.

Entered for the Court
Per Curiam